## JAMES H. WHITE ET AL *v.* JAMES G. BAYNE.

**Appeal and Error—Continuance of Cause.**

The question of whether in a joint suit against executors, and the same parties as individuals, the court below should dismiss the cause as against them as executors, cannot be raised in the Appellate Court on appeal by them in their individual capacity, no judgment having been rendered against them as executors below.

**Pleading—Answer—Trial.**

Where an answer has been filed at the first term of court after summons, and the plaintiff does not consent that the statements of the answer might be taken as true, he is not entitled to a trial at that term, if the issue of fact is made by the answer.

**Same— Issues—Available Defense.**

A petition charges a sale of lands by a defendant, for the purpose of defrauding creditors, that they were insolvent, and the sale was not a bona fide one, and that the purchaser knew of the existence of the debt at the time, to which the defendants answered, denying the sale made to defraud creditors, or with fraudulent intent, but that the sale was bona fide and for a valuable consideration: Held to be an available defense, though the answer did not controvert the allegations of insolvency, and knowledge of the purchaser as to same.

**Same.**

The mere knowledge by the vendee of the insolvency and indebtedness by the vendors to the plaintiff would not alone invalidate the tractions.

APPEAL FROM SHELBY CIRCUIT COURT.

October 2, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

Cary White died in 1864, leaving a will by which he devised a portion of his estate to his wife Anna White, for life, and the remainder therein, together with all the residue of his estate, to his two sons James H. White and John W. White, whom he named as his executors, with an expression of his wish that they should qualify without giving bond as such; and they did so qualify as executors.

Afterwards, the appellee, James G. Bayne, being the holder of a note for $1,750 executed to him, by said James H., John W. and Cary White, payable the 14th day of May, 1864, and credited by the interest thereon up to the 14th of August, 1865, and also by $1,140 paid on the 11th day of December, 1866, brought this suit in equity against said James H., John W. and Anna White, alleging the unpaid balance of his debt, and the death of Cary White, and the appointment and qualification of his executors. He also exhibited the will of said decedent, and charged that the devisees James H. and John W. White received under it a tract of about 300 acres of land, subject to said Anna White's estate for life in one-third of it. He further charged that said James H. and John W. White were insolvent, and that they had made a fraudulent sale of the land devised to them, to said Anna White, who was then claiming it as a purchaser from them, and that said sale was not a *bona fide* sale and trans-

fer of the land, but was made with the fraudulent intent to prevent the land from being subjected to the payment of the debts of said James H. and John W. White. The plaintiff further alleged that said Anna White knew of the existence of his debt, and that the land was liable for it, and knew also of the insolvency of J. H. and J. W. White, to whom she had not paid a valuable consideration for the land, and that the whole transaction was a fraud upon their creditors.

The petition contained a prayer for judgment against said J. H. and J. W. White individually and as executors of Cary White, and that said sale and transfer from them to Anna White be set aside, and so much of the land which was devised to said J. H. and J. W. White as necessary to pay the debt be sold for that purpose.

To this action the following answer was filed by the defendants on the 28th of September, 1867:

> "Defendants deny that the sale of land made by defendants to Anna White, as referred to in plaintiff's petition, was made to defraud creditors of defendants, or with any fraudulent intent whatever, but that said sale was *bona fide* and made for a valuable consideration.

> "Defendants further deny that any demand was made upon them as executors of Cary White accompanied by the certificate and affidavits as required by law before the institution of said action against them."

And at the same term of the court, on the 1st of October, 1867, the court, on motion of the plaintiff, ordered that the "cause be submitted for a decree," and on the 11th of October, 1867, a judgment was rendered against J. H. White and J. W. White individually for the plaintiff's debt; and so much of the cause was continued as sought a recovery against them as executors of Cary White, and the court adjudged a sale of so much of the land as necessary to pay the debt and costs; and from that judgment this appeal is prosecuted.

Whether or not the court should have dismissed the action as to the defendants J. H. and J. W. White in their capacity as executors of Cary White, on the mere suggestions in the answer that the plaintiff had not made the demand required by law, without any rule or motion, based on that ground, is not a question proper-

ly before this court on this appeal, as no judgment was rendered on that branch of the case.

The appellants complain of the judgment on several other grounds, on one of which, at least, it seems to us the judgment is erroneous, and must be reversed. The appellants filed their answer at the first term after the service of the summons upon them, and as the plaintiff did not consent that the statements of the answer might be taken as true, he was not entitled to a trial at that term, according to section 395 of the Civil Code, if an issue of fact was made by the answer (Grant and Wife v. Smedley, 1 Duvall, 358). It may be conceded as true, as is insisted for the appellee, that if the answer did not sufficiently controvert the averments of the petition, nor state facts constituting a defense, the court might have disregarded it as making no sufficient issue to be tried, but although, as suggested for the appellee, the answer does not controvert the allegations, that when the sale was made to Mrs. White by J. H. and J. W. White they were insolvent and so known to be by her, and that she also knew of the existence of the plaintiff's debt, yet as the answer denies that said sale was made to defraud the creditors of said J. H. and J. W. White, or with any fraudulent intent whatever, and alleges moreover, that the sale was *bona fide* and made for a valuable consideration, we think it presented an available defense. For if it be true that the sale was made as alleged in the answer, *bona fide* and for a valuable consideration, and not to defraud creditors, or with any fraudulent intent whatever, a mere knowledge on the part of Mrs. White that the vendors were insolvent and indebted to the plaintiff, would not alone invalidate the transaction. Such knowledge and insolvency may have existed consistently with an honest purpose to apply the proceeds of the land when sold to the payment of debts, and we are not authorized to infer from them alone the existence of a fraudulent purpose in opposition to the express denials of the answer.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Stanley & Roberts, for appellants.*

*Harwood, for appellee.*