## FRANK EBELHAR v. H. B. F. POUDIN, ET AL.

### Fraudulent Conveyance.

One who is indebted may convey his land, and if the purchaser buys in good faith and pays for it, even if he knows of the grantor's indebtedness, he has a right to make the purchase; and a conspiracy between him and his grantor to defraud the creditors will not be

presumed from proof of the fact that the grantee knew of grantor's indebtedness. ·

### APPEAL FROM DAVIESS CIRCUIT COURT.

November 7, 1885.

OPINION BY JUDGE PRYOR:

We have read this record carefully and perceive nothing in the case that would authorize the conclusion that the sale and conveyance of the land by Kelley to the appellant was fraudulent. There is some conflict in the statements between the appellant and Kelly as to the mere details of the transaction which tends rather to strengthen the merit of the claim than to destroy it. They both swear that it was a bona fide transaction and that the money was paid; nor is the payment proved alone by their testimony. Other witnesses entirely disinterested saw the money paid over, and the time, place and circumstances were given, so we have no doubt of the fact of payment; and there is an entire absence of proof that it was ever paid to the appellant or that such was the understanding. The purchaser is shown to be a thrifty, prosperous man, and the mere suspicion from the fact of the debtor's liabilities will not authorize such a transaction to be disregarded. There is much perjury in this case, if the conveyance was made with a fraudulent purpose, for both parties show that it was bona fide and several others saw the money handed over. Whether the one counted it or the other is immaterial, and such discrepancies between the parties in their statements will not and ought not to destroy their testimony as to the good faith of the transaction. Kelly, when examined as a witness, said that he then had in his pocket $150 of the $600 paid him, and while not asked to exhibit it he could scarcely have made the statement when he knew it was false, and might reasonably have been expected to exhibit the money. The mortgage to the appellant to secure the payment of money due for the team sold by him to Kelly still remains in force, and no part of any indebtedness was embraced in the purchase.

The appellant, if such had been the contract, had retained the mortgage debt out of the purchase-money, but this was not done, and he said that he knew nothing of Kelly's indebtedness at the time he bought his land. But if he had known of the indebtedness

he still had the right to purchase unless the transaction was entered into to enable Kelly to defraud the parties to whom he was indebted. No such conspiracy is shown by the proof. The judgment is therefore reversed with directions to dismiss the petition.

Judgment *reversed*.

*Owen & Ellis, for appellant.*

*R. W. Slack, O. H. Haynes, for appellees.*