## Granberry, et al. v. Pierce, et al.

(Decided January 29, 1913.)

### Appeal from Fulton Circuit Court.

Deeds—Action to Set Aside—Fraud—Husband and Wife—Deed from Husband to Wife—Debtor and Creditor—Preference—Section 1911, Kentucky Statutes.—Where the wife unites with her husband in a deed of trust covering not only his but her land, and the land is sold to pay the husband's debts, the husband becomes a debtor of the wife, and a conveyance by him to his wife of their home place in consideration of such indebtedness is only a preference, and cannot be set aside unless attacked within six months from the time the conveyance was legally lodged for record.

ED. THOMAS, for appellants.

HERSHEL T. SMITH, for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On January 30, 1903, T. D. Pierce conveyed to his wife, Mrs. M. A. Pierce, the home which they had been occupying for several years in Fulton, Kentucky. Prior to that time, and on December 26, 1894, he had executed to Mrs. Jessie Martin a note for $1,080, upon which various payments had been made. He was also indebted to Mrs. Maggie Granberry for borrowed money represented by two notes, one for $200, dated April 1, 1898, and one for $330, dated January 28, 1897, subject to certain credits which it is not necessary to set out. After his death Mrs. Maggie Granberry qualified as his administratrix, and on November 24th., she and Mrs. Jessie Martin brought this action against Mrs. Pierce and others to set aside the deed made to Mrs. Pierce by T. D. Pierce, and certain other transfers of property and real estate made by the decedent to W. P. Murrell and J. B. Cequin on the ground that all the conveyances and transfers were made by the decedent with the fraudulent intent to cheat, hinder and delay his creditors, including the plaintiffs. On final hearing the chancellor gave judgment in favor of the defendants and plaintiffs appeal.

The plaintiffs question the correctness of the chancellor's judgment only in so far as it affects the home deeded by T. D. Pierce to his wife. The evidence for plaintiffs tends to establish their claims, and to show that T. D. Pierce was insolvent at the time the transfer to his wife was made, and that the transfer took place after the indebtedness to them was incurred. The evidence for the defendants is to the effect that Mrs. Pierce inherited through her mother a tract of 105 acres in Obion County, Tennessee. The land was sold for about $2,100, and the proceeds loaned to her husband. He always recognized the fact that he was a debtor of his wife. On February 19, 1894, and prior to the time that the obligations sued on were incurred, T. D. Pierce purchased from Francis Walker a tract of land consisting of about 152 acres, located in Obion County, Tennessee. The deed was executed to Mrs. Pierce. The land was paid for with a portion of the money which T. D. Pierce held as debtor of his wife. On December 26, 1901, T. D. Pierce and his wife, M. A. Pierce, executed and delivered to W. W. Morris, trustee, a deed of trust covering a large body of land, and including the 152 acre farm belonging to M. A. Pierce's wife. The deed contains the following provision:

"And after his losses and all damages are paid, including commissioner, attorneys' fee and all other cost hereof, then any surplus of said land or proceeds thereof shall be paid to the said M. A., the wife of the said T. D. Pierce, as some of her property is conveyed herein, and her property here conveyed shall be the last applied to the purposes hereof."

When the land including that belonging to Mrs. Pierce was sold under the deed of trust, the proceeds were insufficient to pay all the debt, interest and costs. After the execution of the mortgage, the deed in question to the home place was executed and delivered.

Plaintiffs earnestly insist that when Mrs. Pierce's land was first sold, and the proceeds turned over to her husband, he used the property as he pleased in his business, and it being personal property, and he having thereby reduced it to possession, it became his, and was liable for his debts. Whether or no, this be true, it is not necessary to determine. The fact is he took the proceeds of his wife's estate and invested it in land in her name, and even if that conveyance was fraudulent, it was not assailed on the ground of fraud in the terms required by the statute. That being true, the property thus conveyed to the wife must be regarded as hers. Being hers, and being subjected to her husband's debt when sold under the deed of trust, her husband thereby became her debtor. Being her debtor in an amount equal to the home place which he deeded to his wife, the transaction by which the land was conveyed can be regarded in no other light than a preference. Being a preference, and not having been attacked within six months after the deed was legally lodged for record, as required by Section 1911, Kentucky Statutes, it follows that the tract so conveyed cannot be subjected to the payment of plaintiffs' claim. Savings Bank v. McAlister, 83 Ky., 149.

Judgment affirmed.