## City National Bank, et al. v. Anderson, et al.

(Decided November 15, 1918.)

### Appeal from Ballard Circuit Court.

1. Fraudulent Conveyances—Preferences in Favor of Wife.—A conveyance by a husband to his wife to discharge an indebtedness due by him to her was a preference which, under section 1911, Kentucky Statutes, could not be attacked by other creditors more than six months after the deed was lodged for record.

2. Fraudulent Conveyances—Preferences in Favor of Wife—Evidence —Sufficiency.—Where in an action by creditors to set aside a conveyance from husband to wife as in fraud of creditors, and to subject the property to their debts, both the husband and

wife testified that he was indebted to her for money which she
had earned as a teacher and had turned over to him, and no
direct evidence, nor facts, nor circumstances tending to show the
contrary appear in the record, the judgment denying the relief
prayed for will not be disturbed.

3. Homestead—Exemption—Antecedent Debts.—A claim of home-
stead exemptions cannot be sustained against antecedent debts.

4. Attachment—Lien—Vendor's Lien—Priority—Failure of Vendor
to Answer.—The lien of an attaching creditor is superior to that
of an alleged vendor where the creditor makes the alleged vendor
a party and alleges that he has no interest in the property and
the vendor fails to answer.

J. B. WICKLIFFE for appellants.

HENDRICK, CRICE & REESOR for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

The City National Bank of Cairo, Illinois, and the
Scudder-Gale Grocery Company recovered judgments
against W. A. Anderson. Executions were issued on the
judgments and returned, "No property found." There-
upon, the bank and the grocery company brought suits to
set aside a conveyance made by W. A. Anderson to his
wife, Mellie Anderson, in the year 1906, and to subject
to the payment of their debts the property therein con-
veyed, as well as other property alleged to belong to
W. A. Anderson, all of which was attached in the action.
The petitions were dismissed and plaintiffs appeal.

The conveyance from W. A. Anderson to his wife is
attacked on the ground that it was made to defraud his
creditors. The Andersons claim that the conveyance
was made to discharge an indebtedness due from W. A.
Anderson to his wife. If this be true, the conveyance
was a mere preference, and under section 1911, Ken-
tucky Statutes, could not be attacked by other creditors
more than six months after the deed was lodged for
record. Granberry, et al. v. Pierce, et al., 151 Ky. 794,
152 S. W. 938. Both Mr. and Mrs. Anderson testified
that he was indebted to her for money which she had
earned as a teacher and had turned over to him, and no
direct evidence, nor facts, nor circumstances tending to
show the contrary appear in the record. That being
true, we see no reason to disturb the judgment so far
as it affects the tract of land covered by the conveyance
in question.

As to the five acres adjoining the tract conveyed by Anderson to his wife, a different question is presented. The claim of homestead cannot be sustained for the reason that the debts sued on were contracted prior to the purchase of that tract. Section 1702, Kentucky Statutes; Moseley v. Bevins, 91 Ky. 260. Anderson testified that he had purchased the land from his mother by deed which was not to be recorded until the land was paid for. The purchase price was $500.00, and at the time he testified he owed this sum, together with interest amounting to about $100.00. After this development, the bank filed an amended petition alleging that Mrs. Amanda M. Anderson, mother of W. A. Anderson, was asserting an interest in the five acres in question, but that in reality she had no interest therein. It then asked that she be made a party and be required to answer and set up whatever interest she had in the property. Thereupon, a summons was issued and served on her, but she made no defense. Under these circumstances, the allegation of the amended petition that she had no interest in the property stands confessed, and the bank should have been adjudged a first lien on the property, so far as Mrs. Anderson is concerned. The grocery company is also entitled to a lien on the property; but whether its lien is superior to the lien of Mrs. Anderson and on an equality with the lien of the bank, or is inferior to Mrs. Anderson's lien and therefore inferior to the bank's lien, are questions which cannot now be decided. On the return of the case, the grocery company, if it desires, will make Mrs. Anderson a party, and the chancellor after determining the questions of priority will order the deed from Mrs. Amanda M. Anderson to the defendant, W. A. Anderson, recorded, and will direct a sale of the property to pay the liens adjudged thereon.

Judgment reversed and cause remanded for proceedings consistent with this opinion.