## Anderson v. City National Bank of Cairo, Ill.

(Decided September 30, 1919.)

### Appeal from Ballard Circuit Court.

Process—Quashal of Summons—Setting Judgment Aside.—A party defendant who is not served with process, and who does not answer or make defense, is not bound by the judgment and in such case may, upon a reversal of the judgment for other reasons, present the facts to the trial court, and have a quashal of the return on the summons, and the judgment as to her set aside notwith-

standing the opinion reversing the judgment in this court, proceeds upon the idea that the defendants each was properly before the court.

W. A. ANDERSON for appellant.

J. B. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is the second appeal of this case. The opinion on the first appeal may be found in vol. 182 Ky. 76. Appellee, City National Bank of Cairo, Ill., obtained a return of no property found against appellee, W. A. Anderson, who is the son of appellant, Amanda M. Anderson. She is eighty-two or eighty-three years of age. Some years ago she conveyed to her son a five-acre tract of land for which he agreed to pay her $500.00, and executed to her two notes of $250.00 each, due and payable in one and two years from date, as consideration for the conveyance. W. A. Anderson took charge of the five-acre tract of land and was in possession of it at the institution of this action. In defense of the action he claimed the five-acre tract as a homestead and set up the fact that he had purchased the land from his mother but had not paid for it. Appellee bank, et al., filed an amended pleading alleging that Amanda M. Anderson was asserting some claim to the five-acre tract but that she in fact had no right or claim to the property, and prayed that she be made a party defendant; that process issue against her and that she be required to answer and disclose what claim, if any, she had to the property, and that the property be subjected to the payment of W. A. Anderson's debts. Process was issued on the amended pleading filed against Amanda M. Anderson. By mistake, as appears from the affidavits since filed, the sheriff served the summons on Mrs. Mellie Anderson, wife of W. A. Anderson, instead of upon Mrs. Amanda M. Anderson. They did not live at the same house. No answer was filed by Mrs. Amanda M. Anderson, and the court thereupon took the amended petition as true against her and adjudged her to have no right, title or interest in or to the five-acre tract of land. This all happened before the case came to this court the first time. With the record in that condition, the return of the officer on the summons against Amanda M. Anderson appearing to be regular and no question having been'

made concerning it, this court in the course of its opin-ion said, "Under these circumstances, the allegations of the amended petition that she (Amanda M. Anderson) had no interest in the property stands confessed, and the bank should have been adjudged a first lien on the property so far as Mrs. Anderson is concerned," and the judgment was reversed with direction to proceed in accordance with the opinion.

On a return of the case to the lower court Mrs. Amanda M. Anderson filed her motion to quash the return on the summons issued against her and which was served upon Mrs. Mellie Anderson, setting forth in her motion that "the summons issued against her by plaintiff, City National Bank, on August 8, 1913, was never served on her and she had no knowledge of this proceeding, or that she had been made a party thereto until after same had been tried by the Ballard circuit court, and until after same was pending in the Court of Appeals of Kentucky. She states that V. A. Crice, sheriff of Ballard county, did not deliver her a copy of said summons on August 9, 1913, as stated in the return on the back thereof, and did not deliver her a copy thereof on any other date. She states that she has been informed, and now avers as true, that the said V. A. Crice, sheriff of Ballard county, did deliver a copy of said summons to the defendant, Mellie Anderson, on that said date, but this defendant was not living in the house with the said Mellie Anderson, and she was not present when same was delivered to her, and she had no knowledge that same had been issued by the clerk or was delivered by the sheriff until long after this case was tried in the Ballard circuit court, and after the Court of Appeals had rendered its opinion herein." Upon that motion she prayed the judgment of the court, quashing the return on the summons issued against her. She also gave notice to the bank that she would on Monday, January 6, 1919, that being the first day of the January term of the Ballard circuit court, file the motion above referred to, and this notice was served on the attorney for the bank on the 3rd of January, 1919, before the motion was made. On January 9th, the bank filed a demurrer to the motion to quash. The motion was supported by the affidavits of Mrs. Amanda M. Anderson, Mellie Anderson and W. A. Anderson, showing the facts as stated in the motion. No affi-

davit of the sheriff was filed by either party, and there was no affidavit contradicting the facts stated in the motion and affidavits of appellant. On the 14th of January, 1919, Mrs. Anderson produced and filed her "intervening petition, cross-petition and answer," in which she set forth fully the facts with reference to the summons and also showing her ownership of the five-acre tract of land. To this intervening petition, the prayer is that she be permitted to file the same and that the return on the process against her be quashed, and that she be adjudged the owner in fee of the five-acre tract of land, and plaintiff's amended petition against her be dismissed, and that she recover her cost and for all proper relief, and this pleading was verified by Mrs. Amanda M. Anderson. On the 15th of January, which was the next day, the court entered the judgment appealed from, by which it is adjudged that the special demurrer to the answer, cross-petition and intervening petition, and amended answer, cross-petition and intervening petition, and to the separate answer of W. A. Anderson be sustained, and the intervening petitioner and W. A. Anderson declining to plead further, the answer, cross-petition and intervening petition and other pleadings of Amanda M. Anderson and W. A. Anderson were dismissed absolutely.

It would appear to us from the record that Mrs. Amanda M. Anderson has not had her day in court. While a summons was issued against her it was never served upon her and she had no information or knowledge that such pleading had been filed or summons issued against her until long after the judgment was entered in the Ballard circuit court, adjudging her to have no interest whatever in the five-acre tract of land, and the case had then been appealed to this court and process issued on the appeal and served upon her, which brought her attention for the first time to the fact that she was a party to the action, if the facts stated in the affidavits and the motion, which is verified, be true. If the verity of these affidavits and motion of Mrs. Anderson be accepted, the judgment as to Mrs. Amanda M. Anderson was without force or effect. She was deprived of her property without due process of law, but the trial court as well as this court was misled by the return on the process which the sheriff mistakenly made after he delivered the process to Mrs. Mellie Anderson instead of Mrs. Amanda M. Anderson.

It appears to have been a mistake on the part of the sheriff, and these facts are pleaded in the intervening petition of Mrs. Anderson. On a return of the case to the Ballard circuit court the parties should be allowed to join issue upon the question as to whether process was served upon Mrs. Amanda M. Anderson, and upon such other questions as are involved, and the court will determine from the evidence whether the process was duly issued and served as appears from the original record; and if it was, the opinion in the first case, found in 182 Ky. 76, will control. But if the lower court should determine that the process was not so served, then it will adjudicate the questions presented by the intervening petition and other subsequent pleading in so far as Mrs. Amanda M. Anderson is involved, but not with reference to the claim of W. A. Anderson.

Judgment reversed with direction to proceed in accordance with this opinion.