### Koch's Executor v. Hall, et al.

(Decided June 1, 1920.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.   Fraudulent Conveyances—Voluntary Conveyance—Existing Creditors—Subsequent Creditors.—Though voluntary conveyances are

void as to existing creditors, there is no presumption that they are fraudulent as to subsequent creditors, but fraud in fact must be proved.

2. Fraudulent Conveyances—Fraudulent Intent—Evidence—Sufficiency.—In an action by a subsequent creditor to set aside a conveyance as fraudulent, evidence examined and held insufficient to show that the conveyance was made with the intent to defraud creditors.

3. Fraudulent Conveyances—Purchaser for Value—When Conveyance Not Fraudulent.—A conveyance by a husband to his wife of a small strip of land adjoining her residence was not fraudulent as to existing creditors, where the husband received a consideration many times the value of the property conveyed, and the whole consideration was used to pay his debts.

4. Appeal and Error—Fraudulent Conveyances—Receivers—When Order Setting Aside Appointment of Receiver Not Prejudicial to Creditor Attacking Conveyance as Fraudulent.—Where, in an action by a creditor to set aside a conveyance as fraudulent, a receiver was appointed to collect the rents, a subsequent order setting aside the appointment was not prejudicial when, upon final hearing, it was adjudged that plaintiff had no interest in the property.

JAS. T. BAKER and J. W. S. CLEMENTS for appellant.

L. R. CURTIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1914, Dr. H. N. Leavell conveyed to Nora Hall three lots on the south side of Maryland avenue in the city of Louisville, known as lots 10, 11 and 14, in the L. P. Kleiderer subdivision. Thereafter, Mrs. Hall's husband, S. S. Hall, bought lot No. 9 in the same subdivision. This lot he subsequently sold, but retained a narrow strip of ground next to lot No. 10. The width of this strip was two feet and six inches in front and ten feet and eleven in the rear. The strip was retained in order that he and his wife might have a drive way between lots 9 and 10. On January 15, 1917, Hall conveyed to his wife the strip of ground retained by him. Thereupon, his wife mortgaged her home and the strip then conveyed for the sum of $3,100 00, all of which was used for the purpose of paying Hall's debts.

On January 23, 1917, C. Fred Koch, a creditor of S. S. Hall, brought suit to set aside the aforesaid conveyance on the ground that the purchase money was furnished by Hall, and the conveyances were made to

Mrs. Hall without consideration, and with the intent to defraud Hall's creditors. On the application of Koch, a receiver was appointed to collect the rents, but the order of appointment was subsequently set aside. During the progress of the action Koch. died, and the action was revived in the name of his executor. On final hearing the petition was dismissed and the executor appeals.

Koch's debt was not incurred until about two and one-half years after the conveyance of lots 10, 11 and 14. There is strong evidence to the effect that these lots were purchased with proceeds of a mortgage on property which Mrs. Hall had owned for several years, and the improvements thereon were made with the proceeds of other mortgages which she and her husband placed on the property. But even if it be conceded that her husband furnished a portion of the purchase price of the lots, or paid for some of the improvements, it does not necessarily follow that the conveyances to Mrs. Hall were fraudulent as to subsequent creditors. Though voluntary conveyances are void as to existing creditors, there is no presumption that they are fraudulent as to subsequent creditors, but fraud in fact must be proved. 12 R. C. L., p. 494; Lowry v. Fisher, 2 Bush 70, 92 Am. Dec. 475; Cosby v. Ross, 3 J. J. Marsh 290, 20 Am. Dec. 140; Hanson v. Buckner, 4 Dana 251, 29 Am. Dec. 401; Lillard v. McGee, 4 Bibb 165; Slater v. Sherman, 5 Bush 206. Here, the usual circumstances relied on to show a fraudulent intent are lacking. It does not appear that Mrs. Hall was to hold the property in secret trust for her husband. It was not shown that Hall was insolvent or involved to a material extent, or that he was indebted at all when the conveyance was made. Nor was it made to appear that shortly after the conveyance he contracted large debts, or engaged in extensive or hazardous business. On the contrary it was shown that he was perfectly solvent and had no debts when the conveyance was made. It was not until about two and one-half years after the conveyance that he became indebted to a large amount, and this indebtedness was due to the fact that he lost heavily on certain building contracts, because the price of materials was greatly increased by the war. In view of these circumstances, we agree with the chancellor that the evidence is not sufficient to show that S. S. Hall had lots 10, 11 and 14 conveyed to his wife for the purpose of defrauding his creditors.

Nor can we say that the conveyance of the small portion of lot No. 9 by Hall to his wife was fraudulent, even as to plaintiff, who was an existing creditor. As a matter of fact, the strip of ground was worth only about $75.00, while Hall received from his wife $3,100.00, all of which was used to pay his debts, and $100.00 of which was applied on plaintiff's claim. It can hardly be said that a conveyance is fraudulent as to creditors where the consideration paid for the property is many times its value and the whole consideration is used to pay the grantor's debts.

Plaintiff was not prejudiced by the order setting aside the order appointing a receiver, since his right to the rents necessarily ended when it was finally determined that he had no interest in the property.

Judgment affirmed.