## Hickman Bank & Trust Company v. Pickard and Mayberry.

(Decided March 10, 1925.)

### Appeal from Hickman Circuit Court.

1. Fraudulent Conveyances—Evidence Held Not to Establish Fraudulent Conveyances of Land.—Evidence held not to establish fraudulent conveyances of land, within Ky. Stats., section 1906, by a surety of a note, maker of which became insolvent.

2. Fraudulent Conveyances—That Surety of Note of Insolvent Maker was Heavily in Debt, Held Not to Preclude Surety from Selling

His Property, in Absence of Fraud.—That surety of note of insolvent maker was heavily in debt, held not to preclude surety, under Ky. Stats., sections 1906, 1907, 1910, from selling his property, in absence of fraud.

3. Fraudulent Conveyances—Conveyances of Debtor for Valuable Consideration, in Good Faith, will Not be Disturbed.—While a debtor cannot prefer one creditor over another, nevertheless, his conveyances, if made in good faith for a valuable consideration, and without design to hinder or delay his creditors, will not be disturbed.

4. Fraudulent Conveyances—When Creditors Cannot Attack Conveyances of Debtor Made with Fraudulent Intent, Stated.—Creditors cannot attack a debtor's transfer of property, because of debtor's fraudulent intent, where the transfer is for a valuable consideration, and the grantee neither had actual notice of such intent, nor notice of any fact or facts calculated to put him on inquiry, and which would lead to discovery of the intent, nor participated in the fraud.

5. Fraudulent Conveyances—Fraud is Not Presumed, but Must be Proved—Evidence of Fraud Must be Convincing.—Fraud is never presumed, but must be established by the weight of the evidence, which must be convincing.

6. Fraudulent Conveyances—Fraud Cannot be Sustained by Mere Suspicion, Strained Inference, or Conjecture.—Fraud cannot be sustained by mere suspicion, strained inference, or conjecture.

7. Fraudulent Conveyances—Requisites of Evidence to Prove Fraud, Stated.—To establish the fraud alleged, the evidence must be such as is sufficient to overcome in the mind the legal presumption of innocence, and beget a belief of the truth of the alleged fraud.

8. Fraudulent Conveyances—Burden of Establishing Fraud Rests upon Him Asserting it.—Burden of establishing fraud rests upon him who charges it, even though a confidential relationship is shown to exist between the alleged colluding parties.

9. Fraudulent Conveyances—Court will Scrutinize Most Closely Alleged Fraudulent Transactions Between Parties in Confidential Relationship.—Court will scrutinize most closely alleged fraudulent transactions between parties in confidential relationship.

B. T. DAVIS and BENNETT, ROBBINS & ROBBINS for appellant.

J. D. VIA and JUDGE JOE FRY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Mayberry, became surety for one Jones on two notes, totalling $10,100.00, to appellant Bank & Trust Company, on May 30, 1922, and upon Jones' fail-

ing to pay the notes this suit was commenced by the bank against Mayberry for a recovery on the two notes and for a cancellation of two deeds made by appellee, Mayberry, to appellee, Pickard, for land and personal property located in Hikman county, as fraudulent, and the subjection of the land to the payment of the bank's debt, with interest and costs, under section 1906, Kentucky Statutes. Both Mayberry and Pickard admit the conveyances of land and cattle from Mayberry to Pickard, but deny the fraud, and aver that they were all good faith transactions and that Pickard in good faith bought the land, paying therefor a fair price, manifesting an honest purpose by the actual payment of money to Mayberry and creditors and the assumption of lien debts against the land. When the issues were made the parties proceeded to the taking of proof. Many witnesses were called by appellant, Bank & Trust Company, to establish the fraudulent conveyances of the lands. Its theory appears to be that appellee, Pickard, was trying to save the property for his friend, Mayberry. At any rate it is contended by the bank that Mayberry and Pickard were close personal friends, having formed a friendship many years previous to the sale of the land while the two resided in the same county in Tennessee. Appellant also points out that Mayberry purchased the land in 1919 at a price very much higher than that for which he sold it to appellee Pickard and that this is a badge of fraud. It also took evidence to show a sale and transfer at the same time of a large amount of personal property, including cattle, etc., by Mayberry to Pickard, and this is also claimed to have been without adequate consideration and in fraud of creditors, including the appellant, Bank & Trust Company. The evidence is long and tedious. But little of it is to the point and much of it fails to support the bank's contentions. The strongest testimony for the bank was that given by attorney F. S. Moore, of Hickman, who stated in substance that on one or more occasions he talked with Mayberry and Pickard concerning the insolvent condition of Jones, the principal in the two notes, to which we have referred, and that appellee, Pickard, knew of the insolvent condition of Jones and that Mayberry was much exercised over the fact that his property might be taken for the debts of Jones and that in the presence of Mayberry, Pickard and himself, discussed the advisability of selling his land to Pickard. All this is fully and completely contradicted by ap-

pellee, Pickard, saying that he had never met Moore until the time he gave his deposition and long after Moore claims to have heard the conversation. Mayberry supports Pickard in this and there are other circumstances corroborating appellees.

There were a number of liens against the Mayberry lands at the time it was sold to Pickard, one for something more than $8,000.00, and another for more than $5,000.00, both of which were assumed by Pickard as a part of the purchase price. The $8,000.00 lien was immediately paid off by Pickard, as was another of $5,000.00. Pickard was entirely solvent. Mayberry had a great deal of property but no money and was much involved in debt. While the lands were sold by Mayberry for much less than he agreed to pay for them, the evidence shows he bought at the peak of land prices in 1919, and sold them in 1922 when prices were much lower. The evidence also proves that the price paid by Pickard to Mayberry was full and adequate. Every suspicious circumstance introduced by appellant, Bank & Trust Company, to sustain its charge of fraud was fairly explained by the evidence of appellees. The lower court was satisfied that no fraud was practiced in the transaction between Mayberry and Pickard and dismissed appellant Bank & Trust Company's petition. It is from that judgment that this appeal is prosecuted.

We have carefully read the record and are convinced that the trial court reached a proper conclusion. There are no new principles of law applicable to the facts of this case that could be announced. It is similiar to many other cases of like import which have been tried in the circuit courts throughout the state, some of them coming to this court.

(2) The mere fact that Mayberry was badly in debt, while a circumstance to be considered, should not prevent his selling and disposing of this property in the absence of fraud. In the case of Linn v. Brown, 182 Ky. 116, we held that one heavily indebted may transfer his property without violating sections 1906, 1907 or 1910, Kentucky Statutes, if he does so in good faith, without design to hinder or delay his creditors, for a valuable consideration, and without intention of becoming insolvent and of preferring one creditor over another.

(3-4) Of course a debtor cannot prefer one creditor over another; but if his conveyances are made in good

faith for a valuable consideration and without design to hinder or delay his creditors, the transfer will not be disturbed.

"If a transfer is for a valuable consideration, creditors cannot attack it because of the fraudulent intent of the grantor, where the grantee neither had (1) actual notice of such intent, nor (2) notice of any fact or facts calculated to put him on inquiry and which would lead to a discovery of such intent, nor (3) participated in fraud." Interstate Petroleum Company v. Farris, et al., 159 Ky. 820.

(5-7) Fraud is never presumed. It must be established by the weight of the evidence. Of course the evidence may be circumstantial, but nevertheless it must be convincing. ·

Fraud cannot be sustained by mere suspicion, strained inference or conjecture. The rule is that in every case there must be such legal evidence as is sufficient to overcome in the mind the legal presumption of innocence and beget a belief of the truth of the allegation of fraud. Rose Company v. Hasenzahl, 141 Ky. 676.

(8-9) Fraud will not be presumed but must be proved by such evidence as would justify a jury in finding it as a matter of fact; and the burden of establishing fraud rests upon him who charges it, even where confidential relationship is shown to exist between the alleged colluding parties; but in such cases the court will scrutinize most closely their transactions. Winfrey's Trustee v. Winfrey, 150 Ky. 138. There was no confidential relationship between Mayberry and Picard.

We do not think the appellant, Bank & Trust Company, sustained the burden of proof. The chancellor properly ruled in dismissing the petition.

Judgment affirmed.