### Phebus, et al. v. Fourth and First National Bank of Nashville, Tennessee.

(Decided November 6, 1925.)

#### Appeal from Fulton Circuit Court.

Assignments for Benefit of Creditors—Fraudulent Conveyances—Preferential Transfer could be Treated as Assignment for Creditors—Transfer from Husband to Wife, which was Not Without Consideration and Not Attacked Within Six Months, Cannot be Attacked Thereafter as Fraudulent and Preferential.—Where husband, being insolvent at time, turned over to wife two notes in payment of debt owing her, held, that such transfer was clearly preferential, and if plaintiff, judgment creditor of husband, had attacked same within six months it would have been treated as assignment for benefit of creditors, but not being without consideration, it could not be attacked thereafter, under either Ky. Stats., section 1906 or section 1907, as fraudulent and preferential.

HESTER & STAHR for appellants.

B. T. DAVIS for appellee.

Opinion of the Court by Drury, Commissioner—
Reversing.

The appellants, whom we will call the defendants,
have appealed from a judgment in favor of the appellee,
whom we will call the plaintiff. By this judgment, an at-
tachment levied upon two tracts of land deeded to the
defendant, Alice R. Phebus, and situated in Fulton
county, Kentucky, was sustained, and this land was or-
dered sold in satisfaction thereof. On March 21, 1921,
the defendant, G. W. Phebus, Jr., executed a note to the
Dahnke-Walker Milling Company, of Union City, Ten-
nessee. This note was by the milling company assigned
to the plaintiff as collateral security for a loan it had
made the milling company. The plaintiff sued G. W.
Phebus, Jr., on this note in the chancery court of Obion
county, Tennessee, and recovered a judgment for $1,-
305.34. Execution was issued on this judgment in Ten-
nessee, and returned "no property found." On June
15, 1922, plaintiff began this action in the Fulton circuit
court upon that judgment, alleging in its petition that
the defendant, Alice R. Phebus, was the owner of the
two tracts of land above mentioned, which it alleged
was by her husband bought and paid for, but deeded
to his wife to defraud his creditors. These two tracts
of land contain 83½ acres, and were conveyed to Mrs.
Phebus on November 29, 1921. G. W. Phebus, Jr.,
was either insolvent when he executed this note to
the milling company, or he became so shortly there-
after. His wife had considerable property, which her
husband managed and looked after for her. He rented
her land from her, and in addition to the sums he
owed her for rent, she had loaned him money to the
extent of about $8,000.00, about $6,000.00 of which
she obtained by placing liens on her land. He owed
his wife, so she says, about $16,000.00, and in April,
1921, he turned over to her two notes of uncertain value,
but aggregating in face value about $19,000.00. These
notes were exchanged for some stock in the Alabama
Land & Improvement Company. The stock was traded
to one Bruner for two notes secured by liens on land be-
longing to L. E. Davidson, and the surrender of these
notes to Davidson was the consideration for the convey-
ance of the 83½ acres of land in question to Mrs. Phebus.
It is this conveyance that is attacked as fraudulent. It
is insisted that there was no consideration for the trans-

fer by defendant Phebus of these notes to his wife, and that the transfer was, therefore, fraudulent. In the recent case of Bishop v. People's Deposit Bank, 210 Ky. 296, 272 S. W. —, this court said:

"A debtor has the right to pay a *bona fide* creditor, and a transfer of property to the extent of a *bona fide* debt is not fraudulent. By section 1910, Kentucky Statutes, all such transfers made with the intent to prefer one creditor to another may be adjudged to inure to the benefit of all the creditors, but the petition for this purpose must be filed within six months thereafter."

If plaintiff had attacked this transfer within six months it would have been treated as an assignment for the benefit of the creditors of Mr. Phebus. It was clearly a preference, but it was not so attacked, and as it is not without consideration, it cannot be attacked under either section 1906 or section 1907. See Granberry v. Pierce, 151 Ky. 794, 152 S. W. 938; Koch v. Hall, 188 Ky. 378, 221 S. W. 1077; City Nat. Bank v. Anderson, 182 Ky. 76, 206 S. W. 159; Hickman Bank & Trust Co. v. Pickard & Mayberry, 207 Ky. 772, 270 S. W. 30.

The judgment is, therefore, reversed, and the cause remanded for consistent proceedings.