## CRUMMIES CREEK COAL CO. v. CARRS FORK COAL CO. et al.

### No. 5407.

Circuit Court of Appeals, Sixth Circuit.

June 28, 1930.

J. S. Laurent, of Louisville, Ky. (Robt. G. Gordon and Gordon & Laurent, all of Louisville, Ky., on the brief), for appellant.

Robt. S. Marx, of Cincinnati, Ohio (Nichols, Morrill, Wood, Marx & Ginter, of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON and HICKENLOOPER, Circuit Judges, and ANDERSON, District Judge.

DENISON, Circuit Judge.

The Wallins Creek Coal Company was a jobber of coal, buying its coal from, among others, the Crummies Creek Coal Company, plaintiff below and appellant here, and the Carrs Fork Coal Company, one of the defendants and appellees. The Carrs Fork and the Wallins Creek were distinct corporations, but they had common directors who, in fact, dominated and controlled each company. Among the liquid assets of the Wallins Creek Company was the stock of the Kentucky Jewel Company. The Carrs Fork Company pressed for security for its indebtedness, existing and in the future, and, at the insistence of these common directors, the Kentucky Jewel Company stock was indorsed and delivered to the Carrs Fork Company as collateral security therefor. Later this pledge was foreclosed, and the Carrs Fork Company realized the value of its security. Later the Wallins Creek Company went into liquidation, which revealed its insolvency at that later time; and the Crummies Creek Company began in the court below this proceeding against the Carrs Fork Company and these directors. By giving the plaintiff the benefit of some doubts, it may be considered as a creditors' bill. It attacked this pledge of the Kentucky Jewel Company stock, and prayed the return of the proceeds received therefrom.

The attack was in a double aspect. It relied, first, upon section 1910 of the Kentucky Statutes. This provides, in general effect, that a preferential security by an insolvent debtor shall operate as a general assignment for the benefit of all creditors. Of this attack, it is enough to say that the same statute which creates this right of complaint limits (section 1911) its exercise to a period long past when this proceeding was begun.

The other ground of complaint is that the transfer was, in fact, fraudulent within the terms of Kentucky Statutes, § 1906, and that the complaint was therefor not barred by time.

The presence and action of the common directors does not change the test of what is fraudulent. Extremely careful scrutiny, to be sure that there was no fraud, is called for; nothing more.

Beyond the limited prohibition of section 1910, there is in Kentucky no law generally forbidding preferential transfers, or destroying the common distinction between a valid security for an honest debt and a fraudulent conveyance in apparent form of such a security. Every debtor who gives, and every creditor who receives security, by a collateral pledge of negotiable or quasi negotiable paper or documents, knows that the transaction is not required to be publicly recorded, and knows that other creditors will be more or less unlikely to learn about it. Such a pledge will not normally appear upon a balance sheet or financial statement—unless there is some special question or statement requiring its disclosure. The creditor also often understands that for a pledge to become known to every creditor would precipitate complaints and demands which might prove seriously embarrassing to even a perfectly solvent debtor. If there is no understanding for concealment of the pledge, above and beyond the natural and common failure to disclose unless such inquiry is made, we are not referred to any authority in Kentucky or elsewhere which pronounces the transaction to be, for this reason alone, fraudulent in fact.[1] Nothing more than this appears in the present case; and so the attack must fail as well under section 1906 as under section 1910.

These conclusions make it unnecessary to consider the other questions involved.

The decree is affirmed.[2]

---

[1] Mainous v. Brown, 222 Ky. 25, 299 S. W. 1068, seems to have been brought under section 1910, and within the time limit.

[2] See Phebus v. Bank, 211 Ky. 57, 276 S. W. 1091.