## Isaacs' Adm'x et al. v. Hignite et al.

(Decided June 19, 1936.)

58

J. R. LLEWELLYN and C. P. MOORE for appellants.

A. T. W. MANNING for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The widow and six children of Frank Isaacs on November 20, 1934, sued J. L. Hignite under section 439 of the Civil Code of Practice in an effort to collect a judgment for $625.87 they had against Hignite. Green Montgomery and his wife were summoned as garnishees, an attachment was levied on 10¾ acres the Montgomerys had bought of Hignite, and the Isaacs, having been unsuccesesful, have appealed.

The Montgomerys answered on December 26, 1934, that they owed Hignite two notes, one for $450 due February 15, 1935, and the other for $800 due February 15, 1936.

On March 25, 1935, E. W. Strong of Lansing, Tenn., filed his petition to be made a party, alleged his ownership of the $450 note, under assignment of it to C. D. Smith by Hignite in good faith and for a valuable consideration on August 15, 1934, and assignment by Smith to Strong on September 8, 1934.

On March 27, 1935, Thresa Brumback of Laurel, Ind., filed her petition to be made a party and alleged ownership of the $800 note, under an assignment of

it to her by Hignite in good faith and for a valuable consideration on October 9, 1934.

## As to the Note Holders.

Hignite assigned this $450 note to C. D. Smith in part payment for a farm near Alpine, Ind., and it was assigned by him to his brother-in-law, E. W. Strong, for money Smith owed Strong, both these transactions being conducted by Dr. D. S. Smith, the father of C. D. Smith.

Mrs. Brumback testifies the consideration for the transfer to her by Hignite of the $800 note was:

| | |
|---|---:|
| Fencing | $ 30.00 |
| Seed Wheat | 45.00 |
| 6 cows and 2 heifers | 370.00 |
| 22 ducks | 7.70 |
| Cash | 297.30 |
| Total | $750.00 |

There is no contradictory evidence, hence the court correctly adjudged these parties to be the owners of these notes.

It is urged these are not negotiable notes, and for that reason that the court's action was erroneous. Negotiability may affect the defenses to a note under some circumstances, but the question here does not concern defenses, but ownership, and the negotiability or nonnegotiability of these notes is of no concern.

## As to the Montgomerys.

These notes were executed by the Montgomerys in part payment for 10¾ acres of land they bought of Hignite and with $1,750 paid in cash, made up the total of $3,000 they agreed to pay therefor. The judgment in effect discharged this attachment, which was proper. There is no evidence this consideration was inadequate, yet it is contended for the Isaacs that Hignite was selling this farm for the purpose of defrauding them, that the Montgomerys knew that fact, and that if they be not entitled to subject these notes to the payment of their judgment, they are entitled to subject this 10¾ acres thereto. They cite and rely upon the case of Campbell v. First National Bank of Barbourville, 234 Ky. 697, 27 S. W. (2d) 975, but this case

is distinguished from that one by the fact that the Montgomerys paid $1,750 in cash, whereas Mrs. Campbell had paid nothing whatever to her husband for the transfer he made to her in the Campbell Case.

This is more like the case of Hiatt v. Bourne, 206 Ky. 287, 267 S. W. 194, 196, wherein we discussed the question carefully and quoted this from Ferguson v. May, 4 Ky. Law Rep. 989, 12 Ky. Op. 151:

"A purchaser in good faith for value is to be favored by the law. The presumption of innocence is in his favor, and, to rebut this, the circumstances must be such as to satisfy the mind that he had notice of the vendor's intention to defraud his creditors."

The Montgomerys bought this 10¾ acres on July 31, 1934. The suit wherein the Isaacs obtained 'the judgment they are now undertaking to collect was then pending, but it was not known until September 8, 1934, that they would prevail. Montgomery had heard of that suit and had been told if he traded with Hignite he had better hold back enough money to pay the Isaacs in case they should get a judgment against Hignite. The Montgomerys testify they thought the $1,250 for which they gave notes was sufficient "holdback."

The question is: Was that enough to give notice to the Montgomerys of such fraudulent intent on the part of Hignite as is contemplated by section 1906, Ky. Statutes? This is not always an easy question to answer. Each case must be governed by its own particular facts, but we discussed this question in Hickman Bank & Trust Co. v. Pickard and Mayberry, 207 Ky. 772, 270 S. W. 30, reviewed many opinions and stated there what showing would be needed, and this evidence does not measure up to that. The reader may examine 27 C. J. p. 678, sec. 474. Mere knowledge that a proposed grantor is in debt is not enough to charge a purchaser with notice he is selling to defraud his creditors. White v. Bayne, 2 Ky. Op. 572; Wood v. Elliott, 7 S. W. 624, 9 Ky. Law Rep. 952; and Farmers' & Merchants' Bank v. Blue et al., 233 Ky. 583, 26 S. W. (2d) 493; Elbelhar v. Poudin, 13 Ky. Op. 749; Broughton's Adm'x v. Barclay (Ky.) 116 S. W. 320.

In order to establish fraud on the part of the purchaser, there must be evidence thereof; fraud will not be presumed; some participation by the purchaser in the fraudulent design must be shown. Brown v. Foree, 7 B. Mon. (46 Ky.) 357, 46 Am. Dec. 519; Brown v. Smith, 7 B. Mon. (46 Ky.) 361; Ratcliff v. Trimble, 12 B. Mon. (51 Ky.) 32; and see West's Digest, Fraudulent Conveyances, key 155 to 171, inclusive.

We find no error in the record. The judgment is affirmed.

The whole court sitting.