Case 107—PETITION EQUITY—January 19.

# Levis & Broxholm, &c., v. Zinn, &c.

### APPEAL FROM GRANT CIRCUIT COURT.

Unlawful Preference of Creditor.—That a mortgage executed by a debtor to secure an antecedent debt may be declared to operate as an assignment under the statute, there must appear either a concurrence of actual insolvency of the debtor and his knowledge of the fact at date of the mortgage, or that he contemplated becoming insolvent in future and designed by the mortgage to give preference to the mortgagee.

Although at the time of the execution of the mortgage attacked as a preference in this case, the indebtedness of the mortgagor amounted to $16,000, while his assets amounted to only $12,000, yet, as the debtor testified, without contradiction, that he believed at the time the mortgage was executed his property exceeded in value his indebtedness, and that his sole purpose in making it was to enable him to continue his business of merchandising, and thereby to pay off in due time all his debts, and from the nature of his assets and indebtedness it does not follow that he knew or believed he was insolvent, the mortgage will not be declared an unlawful preference under the statute. Nor is the fact that a short time after the debtor executed the mortgage he made an assignment for the benefit of his creditors sufficient to satisfy the court that the mortgage was executed in contemplation of insolvency and with the design to prefer.

H. CLAY WHITE, COLLINS & FENLEY and W. W. DICKERSON FOR APPELLANTS.

Where the facts are such as to show that at the time of making the mortgage, preferring one creditor to others, the debtor must have known he was insolvent, the mortgage will be within the statute. (Whitaker v. Garnett, 3 Bush, 402; Terrell, &c., v. Jennings, 1 Met., 450; Thompson, &c., v. Heffner's Ex'or, 11 Bush, 359; Taylor's Adm'r v. Taylor, &c., 78 Ky., 470; Hoffman v. Brungs, &c., 83 Ky., 400; Vincent, Gobel & Prichard v. McAlpin & Co., 87 Ky., 357: First National Bank, &c., v. Walker, &c., 9 Ky. Law Rep., 999; Citizens Nat. Bank of Winchester v. Renick, 13 Ky. Law Rep., 747; Applegate, &c., v. Merrill, &c., 4 Met., 22; O'Neil v. Miller, 2 Bush, 294.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

P. T. Zinn being indebted to W. G. Cram the sum of $2,000, then past due, an agreement was made between them and carried out February 2, 1891, for the latter to assume payment of $3,100 due by the former to one Sexton, and for Zinn to simultaneously execute to Cram a mortgage on two adjacent parcels of land, one of three and the other of fourteen and one-half acres, then occupied by him and his family as a homestead, to secure payment of $5,700—aggregate amount of the two debts.

February 21, 1891, Zinn made to J. T. Scott a deed conveying all his property, not exempt from coercive sale, in trust for payment of his debts generally. And April 27, 1891, Levis & Broxholm, to whom Zinn was indebted about $250, brought this action for the purpose of having the mortgage mentioned adjudged to operate as an assignment and transfer of all his property and effects, and to inure to the benefit of his creditors generally, as is provided in article 2, chapter 44, General Statutes, may be done when the condition prescribed in section 1 of that article exists.

To authorize the judgment prayed for, the court should be satisfied that the mortgage in question was, in the language of that section, executed by Zinn the debtor "in contemplation of insolvency and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others." And to bring this case within operation of the statute, as heretofore construed and applied by this court, there must appear either a concurrence of actual insolvency of Zinn and his knowledge of the fact at date of the mortgage, or that he contemplated becoming insolvent in future, and designed by the mortgage to give preference to the mortgagee, Cram. (Thompson v. Heff-

ner, 11 Bush, 358; Corn, &c., v. Sims, &c., 3 Met., 397; Temple, Barker & Co. v. Poyntz, 3 Duv., 277.)

As said in the first cited of those cases, a too rigid construction of the statute will not only defeat its real object, but will, by tying the hands of embarrassed and struggling debtors, bring bankruptcy upon many who might otherwise escape. And, therefore, "if it be held that a debtor, who sells or mortgages property or assigns choses in action to his creditor in payment or as security for a debt, has violated the statute, if it shall turn out that his liabilities at the moment exceeded his assets, few commercial men would be secure either in buying or selling, or in making or receiving mortgages, or in making or receiving pledges as collateral security for existing debts."

There may be, in fact have been before this court, cases where the debtor's insolvency was so satisfactorily shown, and his means of knowing it so ample, as to admit of no other reasonable conclusion than that the sale or mortgage was made in contemplation of insolvency and with design to prefer one to other creditors. There may be also cases where, though the fact of insolvency be not established, the court would be, nevertheless, fully authorized to conclude a sale or mortgage was made by the debtor in contemplation of future insolvency and with design to prefer. The debtor in this case was a merchant, and though it turned out his liabilities exceeded assets realized from coercive sales, he stated distinctly that he believed at the time the mortgage was executed his property exceeded in value his indebtedness, and that his sole purpose in making it was to enable him to continue his business and thereby to pay off in due time all his debts.

No other witnesses testified beside the debtor Zinn and creditor Cram, both of whom were introduced by plaintiff, and it can not be fairly inferred from the statement of either, nor from any circumstances connected with the transaction, that the mortgage was executed in contemplation of insolvency, or with the knowledge of Zinn he was then insolvent, or with design to give preference in meaning of the statute. It is true the liabilities were found upon investigation to exceed assets about the sum of $4,000; but considering the large amount of each— the former being about $16,000 and the latter about $12,000, consisting of real estate and the usual resources of a retail merchant—it does not by any means follow that Zinn knew or believed at date of the mortgage he was insolvent or executed it in contemplation of insolvency. Nor is the fact he a short time after executed the deed of trust sufficient to satisfy the court, in opposition to his uncontradicted testimony, that the mortgage was made under circumstances or with the design that render it invalid; for its legality and entire good faith of the parties to it can be easily reconciled with execution of the deed of trust which may have been caused by subsequent investigation and causes.

In our opinion the evidence does not satisfactorily show the mortgage was made in the condition or with the design denounced by the statute, and that it would be doing positive violence to both the language and meaning of it to so adjudge. That conclusion of the main question renders it immaterial whether the debt to Cram, or any part of it, can be regarded as created simultaneous with the mortgage; because the mortgage being adjudged valid, it does not make any difference under the statute

whether the debts were pre-existing or not. Nor is it a subject of practical inquiry in this case whether the court properly set apart to the debtor Zinn $1,000 of the proceeds of the mortgaged real property in lieu or satisfaction of his homestead interest. For only in favor of the mortgagee Cram, and to extent necessary to secure payment of his debt, was the homestead right released or waived; and consequently it could not be subjected for benefit of other creditors, nor even to pay the debt of Cram, if there was enough of the mortgaged property to satisfy his debt without doing so.

We think the lower court properly dismissed the action so far as it was sought thereby to set aside or impair the natural effect of the mortgage, and the judgment is affirmed.