## T. T. HAY & BROTHER v. THE UNION FIRE INSURANCE COMPANY.

(Filed 28 October, 1914.) .

1. **Insurance, Fire — Agents — Commissions — Insolvency of Company—Unearned Premiums—Claims Assigned.**

   The local agents of a fire insurance company are entitled to their commissions upon the business they have written for the company, and when the company has become insolvent and the policy-holders have been duly notified to present their claims to the receiver for the unearned part of their premiums, the local agents, who have paid the claims of some of the policy-holders, on insurance they have secured, and have had the claims assigned to them, are entitled .to the full amount thereof, without deduction for commissions they have received.

2. **Same—Special Contract—Burden of Proof.**

   Where a fire insurance company has become insolvent and in the hands of a receiver, and its local agent has paid some of the policy-holders the unearned premiums on their policies which had been secured by his agency, and brings action for their repayment, the burden is upon the defendant company to show some special contract or agreement with the agent whereby the commissions he had received were to be deducted from the amount of the claims, when such is relied upon.

3. **Insurance, Fire—License—Voidable Policy—Right of Action—Insured— Interpretation of Statutes.**

   While Revisal, sec. 4763, provides that no action shall be maintained in the courts of this State upon a policy of fire insurance issued by a company not authorized to do business in this State by the Insurance Commissioner, etc., the company issuing the policy in violation of this section may not receive the premiums and rely upon the statute to invalidate the policy, for such would permit it to take advantage of its own wrong.

4. **Same—Foreign Agencies—Principal and Surety.**

   Where a foreign insurance company, authorized to do business here under our laws, issues its policy on property situated within the State, but through an agency in another State which is unauthorized to write it here, because of not having obtained the license required by Revisal, secs. 4706, 4765, the policy is valid as to the right of action of the insured thereon; and in this case the surety on the bond, given to the Insurance Commissioner by the company in lieu of the cash deposit required, is responsible for the default of the insurer.

APPEAL by defendant from *Cooke, J.,* June Term, 1914, of WAKE.

*Winston & Biggs for local agents.*
*J. G. McCormick for Acme Manufacturing Company.*
*Armistead Jones & Son for defendants.*

CLARK, C. J. The plaintiffs T. T. Hay & Bro., on behalf of themselves and all other creditors, bring this action against the Monongahela Under-writers' Agency, the American Union Fire Insurance Company, and the United States Fidelity Guaranty Company, for the appointment of a receiver on the ground of insolvency of said insurance companies and to subject the bond of $10,000 given by the said guaranty company, in lieu of the deposit required by law, to the payment of the debts of the insurance companies. Murray Allen, Esq., was appointed referee. The court overruled all exceptions to his report and adopted his findings of law and fact.

. T. T. Hay & Bro. were the general agents in this State of the American Union Fire Insurance Company and the Underwriters' Agency, both of which it is admitted became insolvent about 1 March, 1913, and this proceeding was begun soon afterwards. The policy-holders and local agents were notified by the general agents, T. T. Hay & Bro., and J. R. Young, State Insurance Commissioner, that the company was insolvent, and the policy-holders were notified to present their claims to the réceiver for the unearned premiums, representing the unexpired portions of the various policies. Defendants concede that those policy-holders who filed their claims directly with the court are entitled to recover the full amount of the unearned premium covering the time of the unexpired portion of the policy. *R. R. v. Trust Co.,* 38 L. R. A., 98. But they insist that where a local agent, in order to accommodate his policy-holders and to save them the expense and trouble of filing their small claims, saw fit to advance the amounts due them, having the claim assigned to such local agent, that the local agents are not entitled to prove for such amount, but should deduct therefrom one-half of the commission which the agent earned and received when he placed the business originally.

This claim cannot be sustained. It is found as a fact by the referee, and the finding approved by the court, that "The commission paid an agent for writing a policy of insurance is paid as compensation for his work in securing the business and running the agency for the company."

If the company fails, as this one did, as between the company and the policy-holder, the latter is entitled to recover the full amount of the unearned premium. But as between the local agent and the company, the former has done his work by securing and writing the policy, and the subsequent default of the company cannot entitle it to recover back

from the agent any part of his commission. That would entitle the company to profit by its own wrong or default. This principle is so clear that no citation is necessary.

The authorities relied upon by the appellants do not sustain them. In *Ins. Co. v. Anderson,* 130 N. Y., 134, the company sued to recover damages against the agent, because after he had received his commissions he became agent for a rival company and induced the policy-holders to cancel the policies which he had written. .The Court held that he was liable for the return of his commission on the unearned part of the premium. But also further held that where policies of insurance were made with a right reserved to the assured of surrender with a rebate *pro tanto* of the premiums paid, that in such case the agents were not required to return any part of their commissions to the company, since they had done their full service. In *Ins. Co. v. Gilmore,* 206 Mass., 203, the controversy was over a contingent commission, which does not bear upon this case. In *Ins. Co. v. Warren,* 150 Cal., 346, the contract provided that the agents were to receive a commission on "premiums after deducting all return premiums," and the Court held that such express contract required the deduction.

In *Devereux v. Ins. Co.,* 98 N. C., 6, the Court held that where the agent had voluntarily paid back a part of his commission with knowledge of all the facts, in the absence of any agreement, express or implied, to repay it, he could not recover back such payment. In that case the policy had been canceled by the company, under the terms in the policy, within eight days after it was placed, and the defendant company returned to the assured the amount of the premium except for the eight days, and the agent returned his commissions, less the commission he had earned. It is not so held in the case, as it was not necessary, but the Court intimated that the agent should have done this anyway, because in the policy the insurance company reserved the right to cancel on return of premiums for the unexpired time, and the agent was aware of the terms of the policy which he placed, and doubtless used that very provision as an inducement to procure the policy. He knew that the insurance company could cancel the policy at any time upon those terms, and therefore took his commission with that understanding. In this case, however, the policy was canceled by the insolvency of the insurance company. The agent had done his full duty in procuring the insurance, and there was no agreement, express or implied, that in case of default by the insurance company he was to forfeit any part of his commissions for the work he had done.

Besides, there was evidence in this case by T. T. Hay, the general agent of the company: "We had no agreement whatever with regard to the agents as to the effect upon their commissions if the company should

become insolvent." In the absence of an express agreement that the agents were to refund a pro rata part of their earnings in such event, it was incumbent upon the defendant to show an implied contract that there was such a usage in such case. On the contrary, the agent showed, and the referee found, that the usage was that the commissions in such cases upon the unearned premium should not be returned by the local agents, in the absence of express agreement. This was competent. *Bank v. Williams,* 79 N. C., 29; *Brown v. Atkinson,* 91 N. C., 389; *Blalock v. Clark,* 137 N. C., 142; 12 Cyc., 1066-70.

As to the claim of Charles W. Martyne, assignee of the Acme Manufacturing Company, it is found by the referee as facts, and approved by the court, that the policies upon which the claim is based were issued in Philadelphia on property in this State, through the Loyersford Agency, which was not licensed to do business in this State, but on behalf of companies which were so authorized. The Acme Manufacturing Company is a corporation organized in this State.

It is true that under Rev., 4763, "No action shall be maintained in any court in this State upon any policy or contract of fire insurance issued upon any property situated in this State by any company, association, partnership, individual or individuals that have not been authorized by the Insurance Commissioner to transact such insurance business." In *Ins. Co. v. Edwards,* 124 N. C., 116, it was held that this would prevent the unauthorized party to bring an action upon the policy, as in that case it was attempted to collect assessments upon the policy. But the statute does not make the policy void in the hands of the assured. The defendant company could not take advantage of its own wrong by receiving the premium and not being responsible. Besides, the defendants here, the American Union Fire Insurance Company and Monongahela Underwriters' Agency, were both authorized to do business here. In *Allgeyer v. Louisiana,* 164 U. S., 578, it was held that while under *Hooper v. California,* 155 U. S., 648, a statute like ours was valid which prohibited foreign insurance companies from doing business in this State without complying with certain requirements, yet when a citizen of this State took out such policy in such forbidden corporation in another State the policy was binding on such company. It was not void.

While the Loyersford Agency was forbidden to conduct business in this State without a license (Rev., 4706, 4765), the policies taken out through its agency in Pennsylvania in favor of the Acme Manufacturing Company, a corporation of this State, are binding on both insurance companies, especially as they were authorized to do business in this State. The guaranty company is responsible for their default.

Affirmed.