## Mainous, et al. v. Brown Shoe Company, Incorporated.

(Decided November 22, 1927.)

### Appeal from Whitley Circuit Court.

1. Appeal and Error.—Under Ky. Stats., sec. 84, providing that if assignee upon demand shall refuse to institute proceedings to set aside fraudulent transfer that any creditor may do so, mortgagees

were not in position to object to maintenance of action by creditors rather than by assignee.

2. Fraudulent Conveyances.—Where mortgagee did not make it appear in his pleading that assignee for benefit of creditors was discharging duty imposed upon him under Ky. Stats., sec. 84, to institute proceedings necessary to recover property belonging to estate of assignor where he has fraudulently placed mortgage on property, he could not avail himself of defense that creditors had no right to maintain action to set aside mortgage, which defense was available to assignee.

3. Fraudulent Conveyances.—Mortgage, executed to secure an antecedent debt, is not in better position than any other debt where it appears that mortgagor was insolvent at time he executed mortgage or that he had in mind that he was becoming insolvent.

4. Assignments for Benefit of Creditors.—Where mortgage, executed to secure an antecedent debt, is made to prefer one of mortgagor's creditors over another, mortgage operates as an assignment, when attacked in time, for benefit of all his creditors.

5. Costs.—Where creditors maintained action to set aside mortgages executed by insolvent debtor, and by reason of their efforts general creditors would receive at least portion of amounts due them, they were entitled to attorney's fees out of funds going to general creditors.

6. Appeal and Error.—Where attorneys representing creditors in setting aside mortgages by debtor, who were allowed fee for representing creditors, were not made parties to appeal, court could not adjudge their rights to attorney's fee.

J. B. WALL for appellants.

M. A. GRAY and THOMAS F. YOUNG for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Suit was instituted in the Whitley circuit court by the appellee Brown Shoe Company against F. M. Mainous, who was engaged in business in Corbin, Ky., under the assumed name of Mainous Cash Store, and also against L. C. Wall as assignee of F. M. Mainous, and against W. L. Mainous as a mortgagee who claimed a lien against the stock of goods of F. M. Mainous by reason of his mortgage. Later another suit was instituted by the Brown Shoe Company and Nunn-Bush & Weldon Shoe Company against F. M. Mainous, doing business under the assumed name of Mainous Cash Store, and his assignee, L. C. Wall, and John T. Mainous and Mrs. John T. Mainous. The suits were consolidated and heard together. F. M. Mainous had been engaged in business for a year or two when he became heavily involved, and in May, 1925, he executed mortgages to W.

L. Mainous, John T. Mainous, and Mrs. John T. Mainous to secure the debts which he was owing to them. In the following October he made an assignment for the benefit of his creditors. The suits had for their object the setting aside of the mortgages on the ground that they were fraudulent as to the appellees. The lower court submitted the question to a jury as to whether F. M. Mainous was insolvent at the time the mortgages were executed, and whether the mortgagees knew of such insolvency at the date of their execution. The jury found that F. M. Mainous was insolvent at the time, and that the mortgagees knew that he was insolvent. The lower court canceled the mortgages, and adjudged the validity of the claims of the appellees and directed a distribution of the assets of assignee's estate among the creditors.

Appellants urged a number of grounds for reversal, the first of which is that appellees made no demand on the assignee that he institute suit to set aside the mortgages, and that, under the provisions of section 84, Ky. Stats., creditors may not institute a suit without first making demand upon the assignee that he institute the suit, and then only in the event he fails or refuses to do so. The point most strongly argued by appellants is that no demand was made, and for that reason the special demurrer to the petition and the amended petition in each case should have been sustained. The assignee did not place himself in a very commendable position in objecting to the maintenance of the suit by the creditors and taking no step himself in an effort to protect their interest. He knew at the time the suits were filed that the creditors were seeking to have it adjudged that the mortgages were fraudulent, but he did not offer to take the matter over himself and have the question adjudicated, but appears to have been satisfied by objecting to the right of the creditors to institute the suit. It is unnecessary, however, for us to determine whether the court erred in overruling the special demurrer of the assignee as he has not appealed from the judgment rendered in the consolidated actions. Only the mortgagees have appealed, and they are in no position to object to the maintenance of the action by the creditors.

Complaint is made that the court sustained a motion to strike the third paragraph from the separate answer of W. L. Mainous. In this paragraph he seeks to attack the right of the creditors to maintain the action on the ground that they had no authority to institute the suit.

That was a defense available to the assignee. But it does not appear to us in this case that the mortgagees may rely upon such defense unless they should plead that the assignee had instituted a suit to cancel the mortgages, or that he was going to institute such suit. Section 84, Ky. Stats., makes it the duty of the assignee to institute such proceedings as may be necessary to recover the property belonging to the estate of the assignor where he has fraudulently conveyed it away, or where he has fraudulently placed a mortgage on the property. Unless the mortgagee should make it appear in his pleading that the assignee was discharging the duty imposed upon him at the time, he could not avail himself of the defense that the creditors had no right to maintain the action. It makes no difference to the mortgagee who maintains the action. If his mortgage is valid, he has a preferred claim which will not be affected by a suit to cancel his mortgage; and, if it is not valid and he has a valid unsecured claim, he shares with the other creditors in the distribution of the estate. It may be that under a proper state of case a mortgagee might object to the maintenance of action by a creditor where the assignee had not refused or failed to discharge his duty under the provisions of section 84 of the Ky. Stats. But, in this case, it appears to us that appellants were not prejudiced on account of the ruling of the court in sustaining the motion of appellees to strike out the plea in the answer wherein they relied for a defense on the ground that no demand had been made of the assignee to institute a suit to cancel the mortgages.

It is urged that as the mortgages were executed to secure an antecedent debt they were valid and should not be declared fraudulent. We do not understand that a mortgage executed to secure an antecedent debt is in any better position than any other debt, where it is made to appear that the mortgagor was insolvent at the time he executed the mortgage, or that he had in mind that he was becoming insolvent. In such cases, if it were the purpose of the mortgagor to prefer one of his creditors over another, the mortgage operates as an assignment, when attacked in time for the benefit of all of his creditors. Levis & Broxholm v. Zinn, 93 Ky. 628, 20 S. W. 1099, 14 Ky. Law Rep. 867. The lower court found, after having been advised by a jury, that F. M. Mainous was insolvent at the time he executed the mortgage, and that the mortgagees knew he was insolvent. We find no

reason to disturb the judgment of the lower court on this point.

Lastly, it is complained that the court allowed a fee of $250 to the attorneys for their services in representing the creditors. By reason of their efforts, the general creditors will receive at least a portion of the amounts due them. There is no reason why these creditors who instituted the suit should be burdened with the expenses of the litigation if there are funds going to the general creditors out of which the expenses of the litigation may be paid. The court in allowing the attorney's fees was acting within the rule announced in the case of Davis v. Feltman Co., 112 Ky. 293, 65 S. W. 615, 23 Ky. Law Rep. 1510, 99 Am. St. Rep. 289, but if that is not true there is another reason why the appellants may not complain. The attorney's fee was allowed to M. A. Gray and Thomas F. Young, attorneys, and they are not made parties to this appeal, and this court could not adjudge their rights to the attorney's fee unless they were parties to the appeal. Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932; Sams v. Sams, 218 Ky. 613, 291 S. W. 1058.

Judgment is affirmed.