## Moren v. Ohio Valley Fire & Marine Insurance Company's Receiver.

(Decided May 22, 1928.)

### Appeal from Franklin Circuit Court.

1. Insurance.—The generally recognized rule is that a decree of dissolution of an insurance company, as a decree pursuant to Ky. Stats., sec. 753, or an adjudication of insolvency coupled with the appointment of a receiver, cancels or terminates outstanding insurance policies by operation of law.

2. Insurance.—When a decree of dissolution has been entered or an adjudication of insolvency has been made coupled with the appointment of a receiver, subsequent losses under insurance policies

which were canceled or terminated by such decree or adjudication, by operation of law, are not liabilities which may be enforced against the receiver.

3. Insurance.—As to premiums unpaid at the time of insolvency or dissolution of an insurance company, policy holders are liable to the receiver for so much thereof as has been earned, but they are not liable for the unearned residue; that is, premiums for the unexpired term of insurance.

4. Insurance.—On dissolution or adjudication of insolvency of an insurance company, holders of policies on which premiums have been paid for a term extending beyond the insolvency or dissolution of the company have valid claims for unearned premiums, and this is so, even though there is no provision in the policy for refunding premiums paid.

5. Receivers.—As soon as a receiver is appointed and qualified, he comes under the sole direction of the court and his contracts are the engagements of the court.

6 Receivers.—Receiver's duty to incur expenses, even without court's direction, where essential to preserve the property, does not include the right to create debts for other purposes.

7. Receivers.—A person entering into a contract with a receiver is bound to take notice of his disability to contract and makes a contract with him at his peril.

8. Insurance.—Agent for insolvent insurance company held not entitled to preference for moneys expended by him in refunding unearned premiums, even if contract for preference was entered into between receiver of the company and agent; receiver not being authorized by the court to so contract.

9. Insurance.—Where one, who had been the agent of an insurance company which had gone into receivership, took up for a new company, at the receiver's request, the policies of the company in receivership, he was entitled to claim, as against receiver, moneys expended in refunding unearned premiums without deducting commissions paid on new policies.

10. Insurance.—One paying policy holders of company in receivership their unearned premiums and taking assignment of their rights against receiver stood in policy holders' place and was entitled to payment by receiver.

CARROLL & CARROLL for appellant.

W. C. MARSHALL for appellee.

OPIONION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

T. G. Moren owned and conducted for many years an insurance agency at his home in London, Ky. The Home Insurance Company that had been issuing policies on country property withdrew from this territory

and Moren got for the Ohio Valley Insurance Company the insurance which had been previously given to the Home Insurance Company. The Home policies were taken up and in lieu thereof policies of the Ohio Valley Company were issued. The commissions on this business were divided equally between the two agencies. After this and while the policies were still in force the Ohio Vally Insurance Company became insolvent and was placed in a receiver's hands. Moren sent in his licenses and also turned in his commission. After this, at the request of the receiver, Moren took up the policies in Laurel and Clay counties, about 400 in number, by refunding to the holders the amount of the unearned premium, either in cash or reinsurance, and issued to them policies in another company. The policies in the Ohio Valley were assigned to him. The amount of the unearned premium on these policies totaled $3,450.44. Moren filed, in the action brought by the receiver for the settlement of the affairs of the insurance company, a preferred claim for this amount, on the ground that he had secured the policies at the receiver's request and upon the receiver's promise to repay to him out of the assets of the company the total he had paid out. The commissions on the new policies amounted to $896.10. The receiver insisted that Moren should not be allowed what he had not paid out but had retained in the way of commission, and that no part of the claim should be allowed as a preferred claim. The circuit court on final hearing allowed the full claim of Moren, but refused to adjudge it a preferred claim. From this judgment Moren appeals and the receiver prosecutes a cross-appeal, insisting that the amount allowed is too large, in that Moren's commissions were included.

Section 753, Kentucky Statutes, defining the power of the insurance commissioner, when any domestic insurance company is insolvent, concludes with these words:

"And it is hereby also made the duty of the commissioner to immediately notify the general agents of the foreign or domestic company suspended of the suspension, and it shall be the duty of said agents to immediately notify persons insured by them of such suspension by the commissioner, and for failure so to do upon the part of the

commissioner or agent, he shall be fined not less than fifty nor more than one hundred dollars for each offense; he shall also apply to the judge of the Franklin circuit court, or the judge of the circuit court where the company is located, to issue an injunction restraining it in whole or in part·from further proceeding with its business. Such judge may, in his discretion, issue the injunction forthwith, or upon notice and hearing thereon, and after a full hearing of the matter may dissolve or modify such injunction or make it perpetual; and may make all orders and decrees needful in the premises and may appoint agents or receivers to take possession of the property and effects of the company, and to settle its affairs subject to such rules and orders as the court may from time to time prescribe, according to the course of proceedings in equity.''

The generally recognized rule as to the effect of such an adjudication of insolvency is thus stated in 32 C. J. pp. 1039, 1040:

"While there is authority to the contrary, the generally recognized rule is that a decree of dissolution or an adjudication of insolvency, coupled with the appointment of a receiver, cancels or terminates outstanding policies by operation of law, and subsequent losses under such policies are not liabilities which may be enforced against the receiver." Section 102.

"As to premiums unpaid at the time of insolvency or dissolution, policy holders are liable to the receiver for so much thereof as has been earned, but they are not liable for the unearned residue, that is, premiums for the unexpired term of insurance. Holders of policies on which premiums have been paid for a term extending beyond the insolvency or dissolution of the company have valid claims for unearned premiums, and this is so, even though there is no provision in the policy for refunding premiums paid." Section 103.

The question first presented is, did the receiver have power to create a preferred claim in favor of certain policy holders or in favor of Moren as their assignee?

In 23 R. C. L. p. 76, sec. 82, the accepted rule as to the power of the receiver to make such contracts is well stated in these words:

"A receiver, as soon as he is appointed and qualifies, comes, as we have said, under the sole direction of the court. The contracts he makes are the engagements of the court. While a receiver may, without direction of the court, incur any expense absolutely essential to the preservation and use of the property, it is, nevertheless, the order of the court, and not the act of the receiver, which creates the charge, and upon which its validity depends. In determining what expenditures are necessary for this purpose due regard must always be had, not only to the nature and surroundings of the property in the custody of the receiver, but to the exigencies of the moment when he may be required to take action involving the safety of property in his charge. But the duty to preserve the property by no means includes the right to create debts for other purposes. Before a receiver can incur such obligations, he must be authorized by the court. And a person entering into a contract with a receiver is bound to take notice of his disability to contract, and makes a contract with him at his peril."

There was no order of court authorizing the receiver to make the contract in question. There were several hundred of these agents. The evidence is by no means satisfactory that the receiver made the contract in question or agreed to give these policy holders, or Moren as their assignee, the preference over other policy holders. But without deciding this question the court is clearly of the opinion that it was without the power of the receiver to make such a contract, and that the circuit court properly adjudged that the claim was not entitled to preference.

The question presented on the cross-appeal was squarely before the court in Hay v. American Union Fire Insurance Co., 167 N. C. 82, 83 S. E. 241, Ann. Cas. 1916A. 1129, where, holding that the agent was entitled to his commission on the new policies, the court said:

"If the company fails, as this one did, as between the company and the policy holder, the latter is entitled to recover the full amount of the unearned

premium. But as between the local agent and the company, the former has done his work by securing and writing the policy, and the subsequent default of the company cannot entitle it to recover back from the agent any part of his commission. That would entitle the company to profit by its own wrong or default. This principle is so clear that no citation is necessary.''

In a note to that case other authorities are collected. The laborer is worthy of his hire. In order to take up these policies Moren had to go from house to house and get them. When he gets back the full amount of his claim all he will have for this labor and trouble will be his commissions for writing the new policies. The Ohio Valley Company, when it pays him, will not pay him any more than the amount it owed the policy holders. It is no concern to it that this money was not paid to the policy holders, but by their consent was paid to the new company, and the new company allowed Moren a commission out of the money for his services. This added nothing to the liability of the Ohio Valley Company. Moren, when he paid the policy holders, stood in their shoes, and he is entitled to demand from the Ohio Valley Company the amount which the policy holders were entitled to demand from it.

The judgment is therefore affirmed on the original and on the cross appeal.