Schlesinger *v.* Star Ins. Co. of America, Appellant.

Argued October 31, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Horace Michener Schell,* for appellant.

*Lionel Teller Schlesinger,* and with him *Robert T. McCracken,* for appellee.

OPINION BY GAWTHROP, J., January 30, 1931:

On December 17, 1921, plaintiff, a licensed insurance agent and broker, entered into a written agreement with the Star Insurance Company of America, defendant, whereby he was appointed agent to receive proposals for such insurance as defendant was permitted by its charter to accept. On October 5, 1923, defendant terminated the agency. On May 6, 1924, plaintiff brought this suit to recover $3,501.53, alleged to be due

him under the contract. By agreement the case was tried by President Judge FINLETTER and the late Judge McCULLEN without a jury. After filing specific findings of fact and conclusions of law, judgment was entered for plaintiff for $2,134.90, being the balance of $1,674.08 found due plaintiff on August 5, 1923, and interest thereon to May 5, 1928, $460.82. After hearing argument and re-argument before the court in banc on exceptions filed, the exceptions were dismissed. Defendant appeals.

The principal contention made in its behalf before us and in the court below is that plaintiff was allowed commissions on the full amount of premiums on policies placed by him, although some of the policies were cancelled by the company before the end of their terms and return premiums were paid to the assured. This complaint is based upon Clause (E) of the agency contract, which provides for the payment of commissions on the "net" premiums shown in the agent's monthly accounts current. The argument, in substance, is that under this section of the contract the agent was entitled to be paid compensation only on the balance of premiums to be determined by future cancellations, that is, premiums due while the policies were in force. An agent's commission is earned when he places the policy. Ordinarily commissions are computed on the premiums paid on the policies, and cancellation of the policy during its term does not affect the agent's right to his commission. Of course, this rule may be avoided by contract of the parties. But in our opinion Clause (E) of this contract does not stipulate that the agent shall be paid compensation only on the balance of premiums to be determined by future cancellations. Inspection of the entire contract, in the light of the actions of the parties thereunder during the period it was in force, has convinced us that the court below was right in concluding that

Clause (E) could not have been intended to give the company the right to make a wholesale cancellation of all of the policies placed by the agent and thus deprive him of the fruit of his labors. Therefore, plaintiff's rights were properly determined in accordance with the general rule stated in Joyce on Insurance (2nd Ed.) Sec. 697, G., as follows: "An insurer who agrees with an agent that the latter shall receive a percentage of money or commissions to be paid upon a contract secured through such agent for the benefit of both cannot, without the agent's expressed consent, dispose of his own right to receive the fund and thereby deprive the agent of his right to compensation as stipulated in the agency contract. The principal cannot by such act obtain the full benefit of the agent's labor and so deprive him of all compensation or reward for his service." See also 22 Cyc. 1440; Richards on Insurance (3d Ed.) page 94; Hay v. Union Fire Ins. Co., 167 N. C. 82, 83 S. E. 241; Reed v. Union Central Life Ins. Co., 21 Utah 295; Garfield v. Rutledge, 69 Vermont 549; American Steam Boiler Ins. Co. v. Anderson, 130 N. Y. 134.

The next question stated by appellant refers to the method of "arriving at the amount of net premiums upon which a commission is to be calculated." In view of the conclusion that the commission was payable on the gross premium, this question merits no discussion.

Lastly, it is urged that in order to determine the amount of contingent commissions due under the agency agreement the basis for the calculation of such commissions cannot be determined until all the contracts of insurance written by the agent have expired, or have been surrendered for cancellation. The agency contract provides: "The company agrees to pay a contingent commission of five per centum (5%) on the net profits of the business of the agency for each

contingent year ending on the last day of December,'' and that ''at the expiration of the contingent year, or upon the termination of the agency, the company will make up the contingent account and will remit ...... the amount found to be due.'' We agree with the learned court below that ''it would seem that, the agency having terminated on October 5th, 'the account should be made up' as of that date.'' The contract required the company to state the contingent account upon the termination of the agency. It failed to do so. While it is true that the normal contingent period of the contract ended with the calendar year, our opinion is that when the last year was shortened by defendant's cancellation of the contract, that contingent period ended with such cancellation, and that the account should be stated .as of that date. The court below so held. The case, which involved complex accounts, was carefully tried by the court below, and appellant has no just cause for attacking the judgment entered.

Judgment affirmed.