## INDEPENDENCE INDEMNITY CO. v. DREYFUS.

No. 5696.

Circuit Court of Appeals, Sixth Circuit.
May 6, 1931.

John M. Vorys, of Columbus, Ohio (Vorys, Sater, Seymour & Pease, of Columbus, Ohio, and John L. Baker, of Philadelphia, Pa., on the brief), for appellant.

Howard M. Jones, of Columbus, Ohio, for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Prior to the time of appellant's withdrawal from the Youngstown, Ohio, territory, appellee was its general agent in that locality. Each of the policies issued through appellee contained the usual cancellation clause to the effect that it might be canceled at any time by the company upon refund of the pro rata premium for the unexpired term of such policy. Clause 16 of the general agency contract provided: "The general agent will return to the company the full commission on that part of any premium returned to the insured." The District Court held that this provision "was apparently intended to refer to the premiums returned to the insured through cancellation of his policy in the regular and due course of the transaction of the business under the agency contract," and did not apply to the instant case, where all policies in force in Youngstown and vicinity were canceled because of unsatisfactory conditions affecting the risks in general. In this the District Court erred.

The general intent of the agency contract, when read in connection with the admitted right of cancellation by the company, was that the agent's commissions should be limited to the stated percentages of premiums earned (that is, received and retained) under the policies. Compare Milwaukee Mechanics' Ins. Co. v. Warren, 150 Cal. 346, 89 P. 93; National Union Fire Ins. Co. v. Nason, 21 Cal. App. 297, 131 P. 755; National Union Fire Ins. Co. v. Nevils, 217 Mo. App. 630, 274 S. W. 503; Stone v. Hartford Ins. Co., 231 Ky. 264, 21 S.W.(2d) 281; American Ins. Co. v. Bean, 232 Ky. 111, 22 S.W. (2d) 426. A different rule is perhaps applicable when the insurance company becomes insolvent and is thus unable to perform its contracts, instead of simply exercising an acknowledged right of cancellation [Moren v. Ohio Valley Fire & Marine Ins. Co.'s Receiver, 224 Ky. 643, 6 S.W.(2d) 1091; Hay v. Union Fire Ins. Co., 167 N. C. 82, 83 S. E. 241, Ann. Cas. 1916A, 1129], or where the agency contract is silent as to the agent's obligation to make return. See Reed v. Union Central Life Ins. Co., 21 Utah, 295, 61 P. 21; Garfield, Adm'r, v. Rutland Ins. Co., 69 Vt. 549, 38 A. 235; Chicago Life Ins. Co. v. Robertson, 165 Ky. 217, 176 S. W. 1010; and compare American Steam Boiler Ins. Co. v. Anderson, 130 N. Y. 134, 29 N. E. 231. But we are unable to see any distinction in law between the cancellation of all policies within a given territory because of unsatisfactory conditions affecting all risks in such territory, and the cancellation of but certain policies because of conditions affecting the risk only as regards those policies. In either event the agent's compensation is limited to commissions upon the several portions of the premiums earned before cancellation, and the agent is under expressly defined obligation to return to the company the commissions computed upon the unearned portions of the premiums which had theretofore been retained.

The judgment of the District Court is accordingly reversed, and the cause is remanded for a new trial.