## Sowards Insurance Agency v. Ohio Valley Fire & Marine Insurance Company, Receiver.

(Decided March 25, 1932.)

GORDON, LAURENT & OGDEN and T. M. GALPHIN, Jr., for appellant.

W. C. MARSHALL and E. C. O'REAR for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

This appeal presents for review the account of the Sowards Insurance Agency, composed of Joe S. Laurent, as trustee, and O. C. Hinton, against the Ohio Valley Fire & Marine Insurance Company, and the relationship of Joe S. Laurent, as trustee, and O. C. Hinton to the Ohio Valley Fire & Marine Insurance Company, and their obligations to it under the facts presented.

In the spring of 1923, the Sowards Insurance Agency represented, and was acting as agent of, the Aetna Insurance Company, the Liverpool, London & Globe Insurance Company, the New Hampshire Fire Insurance Company, the Royal Insurance Company, the Fire & Marine Underwriters, the Automobile Insurance Company, the Urbane Insurance Company, the State Insurance Company of Liverpool, the Home Insurance Company, the Westchester Fire Insurance Company, the Phoenix Insurance Company of London, and the the Ohio Valley Fire & Marine Insurance Company.

The Sowards Insurance Agency had become liable to these companies for premium balances in an amount between $70,000 and $80,000. The Sowards Insurance Agency had accumulated, as it believed, a large amount

of assets, consisting of notes, accounts receivable, and real estate. It was the conviction of the agency that it was amply able to discharge its indebtedness to the various companies. Its failure to carry on the business of its agency and to discharge its undebtedness to the various companies to their satisfaction caused them to engage in an effort to bring about the securement, if not a payment, of their respective claims against the Sowards Insurance Agency.

To accomplish this purpose, representatives of these insurance companies assembled in the spring of 1923, at the office of Gordon & Laurent, attorneys, at Louisville, Ky. The result of this gathering of the representatives of these companies was an engagement by them of Joe S. Laurent to represent their companies. He was employed and authorized to make such arrangements as he deemed best in behalf of the companies with the Sowards Insurance Agency to the end that their respective claims might be secured, if not paid, by the Sowards Insurance Agency. In accordance to the authority conferred on Laurent, he entered into different written contracts with the Sowards Insurance Agency. One of which was that the Sowards Insurance Agency would assign and transfer to him, as trustee for all of these insurance companies, the affairs, business of the firm, and all of the interest of the members comprising the Sowards Insurance Agency, and to execute a mortgage to him as trustee on all of the real estate owned by the firm and its members. As a part of that agreement it was provided that Laurent, as trustee, should have the right to enter into a partnership with O. C. Hinton, whereby he was authorized to sell to Hinton a one-half interest in the Sowards Insurance Agency. It is not necessary or required of us to consider the various contracts between Laurent as trustee, and the Sowards Insurance Agency and the individual members of the firm, to dispose of the issues presented herein by the pleadings.

On the 24th day of December 1923, a writing was executed by Joe S. Laurent, as trustee, and O. C. Hinton, whereby Laurent, as trustee, agreed to sell and convey to Hinton a one-half interest in the various assets and business of the Sowards Insurance Agency, including office furniture and fixtures, good will, trade-name, and lease of the premises occupied by it, and all contractual rights connected with or growing out of the agency, for

which Hinton agreed to pay, at the expiration of one year from October 18, 1923, an amount equal to one-half of the gross commissions on the business written during that period. Hinton further agreed to endeavor to collect the accounts and bills receivable which had been assigned by the Sowards Insurance Agency to Joe S. Laurent, as trustee. It was further agreed between Laurent, as trustee, and Hinton that they would form a partnership and engage in the business of insurance agents, under the name of "Sowards Insurance Agency." The conduct of the business of their agency was to be under the joint supervision of James Sowards and O. C. Hinton, subject to the right on the part of Laurent as trustee to decide any question which might arise between them in the conduct of the business of the agency of Laurent, as trustee, and Hinton. James Sowards was a party to this contract. He agreed to endeavor to collect the notes and accounts receivable, which had been assigned to Laurent, as trustee, by the Sowards Insurance Agency, at the time it was composed of James Sowards, Everett Sowards, and John A. Sowards. O. C. Hinton was finally put in the exclusive charge of the partnership between him and Laurent as trustee, and he operated the agency until they ceased to engage in business, because of its failure. The Ohio Valley Fire & Marine Insurance Company was advised from time to time by Laurent, as trustee, of the steps taken and the contracts entered into by him as trustee and the Sowardses and Hinton. His efforts and contracts as trustee to accomplish the purpose of his employers were concurred in and approved by all the insurance companies, including the Ohio Valley Fire & Marine Insurance Company. All of his efforts and contracts successively failed.

The partnership between him as trustee and Hinton was also unsuccessful. No part of the claims of the insurance companies, we have named, was paid by the Sowards Insurance Agency, composed of James Sowards, Everett Sowards, and John A. Sowards. The partnership of Laurent, as trustee, and O. C. Hinton, did not derive from its business a sufficient amount to pay its expenses. The Sowards Insurance Agency, composed of James Sowards, Everett Sowards, and John A. Sowards, at the time Laurent began his work as trustee was indebted to the Ohio Valley Fire & Marine Insurance Company in the sum of $4,388.98.

After the partnership was formed by Laurent, as trustee, and Hinton, under the name of Sowards Insurance Agency, all of the companies, except four, withdrew their business and ceased to engage in business in that territory. The Ohio Valley Fire & Marine Insurance Company was one of those which withdrew its business after the partnership of Laurent as trustee and Hinton was formed.

The Ohio Valley Fire & Marine Insurance Company directed the firm composed of Laurent, as trustee, and Hinton to cancel any policies which it had outstanding in Pikeville, Pike county, Ky., or in any of the territory in which the company had engaged in business, and which had been written for it by the Sowards Insurance Agency, when it was composed of James Sowards, Everett Soward and John A. Sowards. The Ohio Valley Fire & Marine Insurance Company agreed with the firm of Laurent, as trustee, and Hinton to reimburse their agency for such unearned premiums paid by them to policyholders on its policies which might be canceled by and through their firm's efforts. The arrangement between the firm of Laurent, as trustee, and Hinton to cancel the policies of the Ohio Valley Fire & Marine Insurance Company, in the territory, was made by its general agent in person, and by letters and telegrams. When canceling the policies of the Ohio Valley Fire & Marine Insurance Company, in accordance with the agreement between it and the firm composed of Laurent, as trustee, and Hinton, their firm paid the policyholders the full unearned premiums due the insured on the cancellation of its policies. As the unearned premiums were paid by their firm to the policyholders, the policies were taken up and most of them were assigned by the respective holders to the Sowards Insurance Agency, composed of Laurent, as trustee, and O. C. Hinton. The Ohio Valley Fire & Marine Insurance Company, on the 14th day of November, 1923, was placed in the hands of a receiver by the orders of court. Fred H. Vaughn was appointed and acted as its receiver. Laurent, as trustee, and Hinton carried out their agreement with the Ohio Valley Fire & Marine Insurance Company with the approval and consent of Vaughn, receiver, subsequent to November 14, 1923. From October 18, 1923, to the 14th day of November, 1923, by virtue of the agreement with the company, the firm of Laurent, as trustee, and Hinton, paid

to the policyholders, a portion of the amount to be paid by their firm to the policyholders of the Ohio Valley Fire & Marine Insurance Company. The total amount of the unearned premiums so accounted for to the policyholders by the firm of Laurent and Hinton was $3,302.70. Reports of the amounts so paid by them were sent to the company, until it was placed in the hands of a rereceiver, and afterwards the reports were made to the receiver.

Subsequently, Fred S. Vaughn, the receiver, died. J. W. Jeffers was appointed in his stead. Jeffers, as receiver, refused to recognize the claim therefor of the firm of Laurent, trustee, and Hinton. This action was filed against him and the Ohio Valley Fire & Marine Insurance Company, by Laurent, as trustee, and Hinton, as partners engaged in business under the style of Sowards Insurance Agency. Neither of the Sowardses who composed the old firm of Sowards Insurance Agency was made a party to the action. A judgment was entered decreeing a recovery in favor of Laurent, trustee, and Hinton, of Jeffers, as receiver of the Ohio Valley Fire & Marine Insurance Company, of the $3,302.70, with interest from January 1, 1925, but Jeffers, as such receiver, was given a judgment of $4,388.98, with interest from November 13, 1923, with directions that this amount be credited by the $3,302.70, and, for the balance thus obtained, an execution was directed to be issued and levied on the property and assets of the Sowards Insurance Agency.

The $4,388.98, which was recovered "over" by Jeffers, receiver, was the total indebtedness of the Sowards Insurance Agency composed of the Sowardses at the time Laurent was employed by insurance companies.

After the judgment was entered, Laurent, as trustee, and Hinton requested the court to modify the judgment to the extent that the words, "and known herein as the old agency," be inserted after the words, "Sowards Insurance Agency", as they appear in the judgment. The request was granted, and the judgment was so modified that it became one against the Sowards Insurance Agency, composed of James Sowards, Everett Sowards, and John A. Sowards. Laurent, as trustee, and Hinton appeal.

The amount of the claim of the appellants as it was fixed by the judgment is not here disputed. Their right

to the unearned premiums paid, or accounted for, to the policyholders by the firm of Laurent, as trustee, and Hinton after the insolvency of the Ohio Valley Fire & Marine Insurance Company, and after it went into the hands of a receiver, may be considered as determined by the law as stated by this court in the case of Moren v. Ohio Valley Fire & Marine Insurance Co., 224 Ky. 643, 6 S. W. (2d) 1091.

It was stated in that case that, where an insurance company has gone into receivership, an agent who took up for the company at the receiver's request the policies of a company in receivership was entitled, as against the receiver, to the money expended by him in refunding unearned premiums without deducting commissions paid on the new policies. Also that one who accounts to the policyholders of the company in receivership for the unearned premiums, and who takes an assignment of the rights of such policyholders, was entitled to such refunded premiums, and to require payment by the receiver. The evidence shows that the firm composed of Laurent, as trustee, and Hinton, prior to the date of the appointment of the receiver, paid a part of their account to the policyholders for the unearned premiums between October 18, 1923, and November 14, 1923, under an arrangement between them and the Ohio Valley Fire & Marine Insurance Company. Such arrangement was binding and enforceable against the company and the receiver. The appellee urges that the agents of the Ohio Valley Fire & Marine Insurance Company, with whom the firm of Laurent, as trustee, and Hinton made the arrangement by which the unearned premiums were paid by them to the policyholders prior to the date the company went into the hands of a receiver, had departed this life prior to the date of the taking of the deposition of Hinton. He contends that, therefore, the testimony of Hinton concerning the conversations and transactions with the deceased agents is within section 606, subsec. 2, Civil Code of Practice. For like reason, it is insisted his testimony relating to conversations with the deceased receiver is incompetent. No exceptions were filed to the testimony of Hinton and none were passed upon by the trial court. "One to avail himself of the Code provision must file exceptions in writing in the trial court to such testimony when taken by deposition and cause the court to pass upon the competency of such testimony." Other-

wise objections made for the first time in this court to such testimony will be disregarded by this court. The requirements of the appellate practice are not obviated by mere objection at the time the deposition was taken. Black v. Noel's Adm'r, 240 Ky. 209, 41 S. W. (2d) 1100, and cases cited.

No authority should be required of us to sustain the statement that the firm composed of Laurent, as trustee, and Hinton, even if they engaged in business under the name of Sowards Insurance Agency, the same name of the old firm, is not liable for the debts of the firm when it was composed of the Sowardses, even though they later engaged in business under the name of the Sowards Insurance Agency. The two firms were distinct entities, and the one was not liable for the debts of the other. The claim of the appellants is not a preferred one. They are not entitled to a lien on the funds in the hands of the receiver. Moren v. Ohio Valley Fire & Marine Ins. Co., supra.

The court improperly offset the debt of the firm composed of the Sowardses against the claim of the firm composed of Laurent, as trustee, and Hinton. While the court in effect rendered a judgment against the old firm when no member of it was before the court, the firm composed of Laurent, as trustee, and Hinton was not thereby prejudiced, and has no right to complain of that part of the judgment. Mainous v. Brown Shoe Co., 222 Ky. 25, 299 S. W. 1068; Kelly v. Adams, 229 Ky. 604, 17 S. W. (2d) 706.

Judgment reversed for proceedings consistent with this opinion.